IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL ALLEN,<br><br>    Plaintiff,<br><br>    v.<br><br>PEACOCK TV LLC ET AL.,<br><br>    Defendants. | Civil Action No.:  BAH-24-971 |

**MEMORANDUM AND ORDER**

Plaintiff Michael Allen ("Plaintiff") filed the above-captioned complaint *pro se*. The Court previously granted Plaintiff's motion to proceed in forma pauperis and directed Plaintiff to show cause why the complaint should not be dismissed for failure to state a claim. *See* ECF 5. Plaintiff timely responded to the order to show cause. ECF 6. However, because Plaintiff's response fails to cure the complaint's deficiencies outlined in the Court's July 12, 2024, memorandum and order, the complaint will be dismissed.

The Court previously explained that Plaintiff's allegations against defendants (1) Peacock TV LLC, (2) Regal Cinemas, Inc, (3) Cinemark Holdings Inc, (4) Home Box Office, Inc, (5) The Walt Disney Company, (6) Netflix, Inc, (7) Hulu, LLC, (8) AMC Entertainment Holdings, Inc, (9) Paramount Global, and (10) Warner Bros Entertainment Inc (collectively "Defendants") for violations of copyright, antitrust, and related laws cannot support a claim for relief. ECF 5. Plaintiff's response is comparable to the complaint and suffers the same deficiencies as the complaint. His response largely repeats the allegations contained in the complaint. The new information he adds does not cure the deficiencies the Court previously explained.

For example, though Plaintiff asserts that his website is copyrightable even if it contains original works from third-party authors, ECF 6, at 6, Plaintiff has not alleged that he owns a copyright that has been unlawfully copied by Defendants, which, as the Court explained, is a prerequisite to bringing a copyright infringement claim.  Plaintiff cites the process for preregistering a website, ECF 6, at 9, but does not explain how this process relates to his case. Regarding his claim that Defendants misappropriated his trade secrets, Plaintiff conclusorily asserts that he "can address the issue of voluntary disclosure by clarifying the context and conditions under which the information was shared" and that such sharing was performed "under the expectation of confidentiality and for legitimate business discussions."  ECF 6, at 17. Nevertheless, he still has not sufficiently alleged what his trade secrets are, how each Defendant misappropriated them, and what measures he took to safeguard the trade secrets.  Nor has Plaintiff sufficiently addressed the deficiencies in his anti-trust claims.  He has not alleged any specific actions by any Defendant, or any parallel action of the Defendants, that could raise a claim for relief under the anti-trust statutes he cites.  Thus, for the reasons stated in this Court's July 12 memorandum and order, ECF 5, Plaintiff's complaint must be dismissed.

Plaintiff was forewarned that failure to show cause why his complaint should not be dismissed would result in dismissal of his case.  Because he has not shown cause why the complaint should survive, it will be dismissed, and the Clerk will be directed to close this case.

Accordingly, it is this 31st day of July, 2024, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's complaint is DISMISSED;
2. The Clerk is DIRECTED to CLOSE this case; and

2

3. The Clerk SHALL PROVIDE a copy of this Order to Plaintiff.

                                                            /s/
                                        Brendan A. Hurson
                                        United States District Judge